## In re ASCHNER.

District Court, E. D. New York.
Oct. 23, 1939.

Sidney B. Felsenfeld, of New York City, for bankrupt.

GALSTON, District Judge.

The ex parte petition of the bankrupt discloses that an order of adjudication was entered on April 21, 1938 and the proceeding referred to a referee. A trustee was thereafter appointed and proceedings are still pending undetermined before the referee.

The petition discloses that the bankrupt neglected to file a formal petition for discharge as required by the Bankruptcy Act prior to its amendment by the Chandler Act, 11 U.S.C.A. § 32. The petitioner then belatedly sought to file his application in the District Court, as was the practice prior to the Chandler Act; but the clerk of the court rejected the application for the reason that twelve months had expired since the date of the commencement of the bankruptcy proceedings.

Accordingly the bankrupt now seeks permission to file the petition for discharge with the clerk of the court.

Just what the status of the proceeding before the referee is cannot be determined from the petition, but it is entirely clear that the bankrupt should have made up his mind before the expiration of a year from the time of the filing of his petition in bankruptcy whether he was going to proceed under the provisions relating to discharge which governed at the time he was adjudicated a bankrupt, or would seek to have the referee follow the practice under the Chandler Act. Apparently he did neither.

The petition recites: "Petitioner and his attorney have now been informed that the bankruptcy proceeding having been instituted prior to the effective date of the amendment to the Bankruptcy Act, that the proceedings for discharge must initiate in the District Court * * *."

Who gave the information and in what circumstances and where are not set forth in the petition. There is not sufficient before me to justify granting the petition to direct the clerk to file the bankrupt's petition for discharge. The clerk was quite right in rejecting it.

Whether in the circumstances the Bankruptcy Act as amended by the Chandler Act, applies, is not before me for decision.